# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| CORNELIUS J. O'LEARY, JR., | |
| Plaintiff, | Case No. 2:12–cv–511–JCM–VCF |
| vs. | |
| DISTRICT ATTORNEY OF THE STATE OF NEVADA, *et al.*, | **ORDER** |
| Defendants. | |

This matter involves *pro se* Plaintiff Cornelius J. O'Leary's civil rights action against, *inter alia*, the "District Attorney of the State of Nevada." Before the court are O'Leary's Motion to Seal (#10) and Application to Proceed *in Forma Pauperis* (#11). For the reasons stated below, O'Leary's Motion to Seal and Application to Proceed *in Forma Pauperis* are denied.

## BACKGROUND

On February 19, 2013, the Honorable James C. Mahan, U.S. District Judge dismissed O'Leary's action for want of prosecution. (*See* Doc. #6). While the action was pending, O'Leary was not granted *in forma pauperis* status and he never paid the court's filing fee. Because O'Leary was not granted *in forma pauperis* status and never paid the court's filing fee, he is not allowed to file documents in this matter. *See Metzger v. Hussman*, 682 F. Supp. 1109, 1111 (D. Nev. 1988) (stating that the court has the inherent power to strike).

Consequently, on August 15, 2014, the court struck a motion to seal that was filed by O'Leary. Additionally, the court also noted that the basis of O'Leary's motion to seal was farcical. O'Leary moves the court to seal and permanently destroy all records relating to this matter because he has allegedly been shot at, attacked by crowds, and harassed by the U.S. Marshals, TSA, and others "who

claim to be protecting President Obama." Now, O'Leary again moves the court to seal all records relating to this matter. Like the previous motion to seal, O'Leary's instant motion to seal is supported by farcical arguments. O'Leary also moves the court to grant him *in forma pauperis*.

## DISCUSSION

O'Leary's Motion to Seal and Application to Proceed *in Forma Pauperis* are denied. This matter is closed. This means that the court cannot grant O'Leary *in forma pauperis* status because there is nothing left to litigate. However, even if O'Leary had been granted *in forma pauperis* status, the court would still deny his motion to seal because O'Leary moves the court to seal and permanently destroy all records relating to this matter. This request for relief is extreme.

In *Kamakana v. City & Cnty of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), the Court of Appeals for the Ninth Circuit stated that courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." This right is justified by the interest of citizens in "keep[ing] a watchful eye on the workings of public agencies." *Id*. (citation omitted). Such vigilance is aided by the efforts of newspapers to "publish information concerning the operation of government." *Id*. Where, as here, a party moves to seal the court's entire docket, that party must demonstrate "compelling reasons" that are "sufficient to outweigh the public's interest in disclosure." *Id*. at 1179.

O'Leary has failed to demonstrate compelling reasons. Like his previous motion, O'Leary's instant motion to seal is farcical, vexatious, and frivolous. Accordingly, the court warns O'Leary that if he continues to file farcical, vexatious, or frivolous motions, the court will bar him from filing papers with this court in the future. The court's power to bar O'Leary from filing papers with this court stems from the All Writs Act 28 U.S.C. § 1651(a). *Burkley v. Jacquez*, No. CV 13–00424–VAP, 2013 WL 594766, at *3–*4 (C.D. Cal. Jan. 24, 2013). It provides district courts with the inherent power to enter

pre-filing orders against vexatious litigants. *Id*. (citing *Weissman v. Quail Lodge Inc*., 179 F.3d 1194, 1197 (9th Cir. 1999)).

In *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990), the Ninth Circuit outlined four factors for district courts to examine before entering pre-filing orders. First, the litigant must be given notice and a chance to be heard before the order is entered. *Id*. at 1147. Second, the district court must compile "an adequate record for review." *Id*. at 1148. Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation. *Id*. Finally, the vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered." *Id*.

The court finds that these factors are now satisfied here. If O'Leary continues to file vexatious or frivolous papers, the court will bar from filing papers with this court in the future.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that O'Leary's Motion to Seal (#10) and Application to Proceed *in Forma Pauperis* (#11) are STRICKEN.

DATED this 4th day of September, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE